UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | |
|---|---|
| AIRIZ A. COLEMAN | CASE NO. 4:16-cr-46 |
| | CASE NO. 4:17-cv-2228 |
| Petitioner, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc. 89] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Airiz Coleman petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] Coleman seeks relief from his three-year sentence for being a felon in possession of a firearm and ammunition. Coleman raises three grounds for habeas relief. For the following reasons, the Court **GRANTS** Coleman's petition.

## I. BACKGROUND

On February 10, 2016, a federal grand jury returned an indictment charging Coleman with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).[2] On May 10, 2016, a jury found Coleman guilty.[3] The Court sentenced Coleman to 36 months of imprisonment on August 23, 2016.[4]

On September 13, 2017, the Sixth Circuit affirmed Coleman's conviction.[5]

Coleman filed his § 2255 petition on October 23, 2017.[6] In his motion, Coleman raises three grounds for relief, which are all based on the ineffective assistance of his counsel.[7] In

---

[1] Doc. 89.
[2] Doc. 1.
[3] Doc. 47.
[4] Doc. 60.
[5] Docs. 87, 88.
[6] Doc. 89.
[7] *See id.*

presenting his arguments, Defendant Coleman does an extremely competent job in presenting his arguments.

First, Coleman claims that trial counsel was ineffective for failing to object to an ATF agent's expert testimony on the interstate commerce nexus for the firearm.[8] At trial, an ATF agent gave expert testimony that both ammunition and a firearm found in Coleman's house had been manufactured outside of Ohio.[9] Coleman alleges that his trial counsel gave ineffective assistance of counsel when he failed to object that the ATF agent's expert opinion on the firearm's interstate commerce nexus was improper under Evidence Rule 703.[10]

Second, Coleman claims that his trial counsel was ineffective for failing to object to (1) the fact that his indictment charged two crimes (felon possession of a firearm and felon possession of ammunition) under one count; and (2) the lack of instructions requiring the jury to unanimously agree on whether his possession of the firearm, the ammunition, or both was in or affecting interstate commerce.[11] Coleman also claims his appellate counsel was ineffective for failing to appeal on these grounds.[12]

Third, Coleman claims that his trial counsel was ineffective for failing to move to suppress evidence of the firearm and ammunition found in his home.[13] Coleman points to officer trial testimony and his wife's signed affidavit that shows that while officers later obtained a search warrant, officers had entered and searched Coleman's home before they had obtained a warrant.[14]

The government opposes Coleman's petition on all three grounds.[15]

---

[8] *Id.* at 4.
[9] Doc. 74 at 253:21-273:21.
[10] Doc. 89 at 4; Doc. 89-1 at 1-7.
[11] Doc. 89 at 5; Doc. 89-1 at 7-9.
[12] Doc. 89 at 5; Doc. 89-1 at 9-11.
[13] Doc. 89 at 6; Doc. 89-1 at 11-19.
[14] Doc. 89-1 at 11-19.
[15] Doc. 94. Coleman filed a reply. Doc. 97.

## II. LEGAL STANDARD

[28 U.S.C. § 2255](https://...) gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255(a) provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[16] Non-constitutional errors are generally outside the scope of § 2255 relief.[17] A defendant alleging a non-constitutional error can only prevail by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[18]

Under *Strickland v. Washington*, to make a Sixth Amendment ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense.[19] A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof."[20] Petitioner cannot satisfy this burden by making conclusory allegations unless supported by specific facts.[21]

---

[16] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[17] *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).
[18] *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal citation omitted).
[19] 466 U.S. 668, 687 (1984).
[20] *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005); *see also Smith v. United States*, No. 5:06-CR-00310, 2010 WL 4362863, at *4 (N.D. Ohio Oct. 27, 2010).
[21] *United States v. Cronic*, 466 U.S. 648, 666 (1984); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).

Case No. 4:16-cr-46
Gwin, J.

## III. ANALYSIS

### A. Second Ground: Ineffective Assistance of Counsel for Failing to Object to and Appeal Duplicitous Indictment and Lack of Unanimity Instruction

In his second ground for relief, Petitioner argues that his counsel was ineffective for failing to move to object to and appeal a duplicitous indictment and lack of specific unanimity instruction.[22] In particular, Petitioner argues that his indictment was duplicitous because it charged him for two separate crimes. The indictment charged Coleman with being a felon in possession of a *firearm* under § 922(g)(1) and charged Coleman with being a felon in possession of *ammunition* under § 922(g)(1). Both charges were alleged in one count.[23] Petitioner also argues that his counsel should have requested, and appealed the lack of, a specific jury instruction requiring the jurors to unanimously agree on the interstate commerce nexus for the firearm, ammunition, or both.[24]

The Court declines to grant relief on these bases.

Assuming Petitioner's trial counsel and appellate counsel were ineffective for failing to raise such arguments, Petitioner has not shown any prejudice. Petitioner has not shown that such arguments have merit.[25]

First, duplicity occurs when two or more distinct and separate offenses are joined in a single count.[26] Duplicity is generally prohibited because of concerns that a jury may find a defendant guilty on a count without having reached a unanimous verdict on any particular offense.[27]

---

[22] Doc. 97 at 4.
[23] *Id.* at 4-7.
[24] *Id.*
[25] *See* Henry v. United States, 53 F.3d 331 (6th Cir. 1995) ("Here, because we find that his claims are without merit and would not have altered the guilty verdict, Henry has not shown ineffective assistance or any actual prejudice.").
[26] *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007).
[27] *Id.*

There is no duplicity problem here. The Sixth Circuit has held that the simultaneous possession of multiple firearms, or a firearm and ammunition, constitutes only one crime under § 922(g)(1).[28] As a result, Petitioner's indictment was not duplicitous.

Second, it is not clear that the Court failed to provide appropriate jury instructions.

A federal jury in a criminal case cannot convict unless it unanimously agrees that the government proved each element of the charged offense.[29] However, jurors need only be unanimous on the elements of a crime, not the means by which an element may be accomplished.[30]

Under § 922(g)(1), one element of the crime is that the possession was "in or affecting commerce."[31] The government proves this by showing either the firearm possessed or ammunition possessed was manufactured outside of Ohio.[32] However, the actual firearm or ammunition possessed is a means, not an element of the § 922(g)(1) crime.[33] As a result, as Petitioner acknowledges,[34] the jury need only unanimously agree that whatever they decide Defendant possessed was manufactured outside of Ohio.

The Court explained to the jury that the interstate commerce nexus was a separate element of the offense; that the jurors must find the government proved all elements to find Petitioner

---

[28] *United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (adopting *Verrecchia*'s reasoning); *United States v. Verrecchia*, 196 F.3d 294, 297-98 (1st Cir. 1999) ("The other courts of appeals have addressed the issue and have all agreed that the simultaneous possession of multiple firearms, or a firearm and ammunition, constitutes only one crime. . . . We thus join our sister circuits in holding that the simultaneous possession by a felon of multiple firearms, that is, possession of multiple firearms in one place at one time, is only one violation of § 922(g)(1).").
[29] *Richardson v. United States*, 526 U.S. 813, 817 (1999).
[30] *Id.*
[31] *United States v. Clegg*, 654 F. App'x 686, 687 (6th Cir. 2016) (third element of crime is "that the possession was in or affecting interstate commerce"), *cert. denied*, 137 S. Ct. 629 (2017).
[32] *United States v. Robinson*, 205 F. App'x 415, 417 (6th Cir. 2006).
[33] *See DeJohn*, 368 F.3d at 542.
[34] Doc. 97 at 6.

guilty; and that the jurors' decision to convict must be unanimous.[35] The Court therefore did not fail to provide the appropriate jury instruction.[36]

Moreover, because police found the firearm and ammunition together in the same transaction during a search of Petitioner's home,[37] there is no concern that the jury would be confused as to what possession was at issue, such as to warrant a specific unanimity instruction.[38]

Because Petitioner's indictment was not duplicitous and because no specific unanimity instruction was required here, the Court finds that his trial and appellate counsel were not ineffective for failing to make such arguments.

The Court therefore **DENIES** Petitioner's second ground for relief.

**B. First Ground: Ineffective Assistance of Counsel for Failing to Object to Expert Testimony**

In his first ground for relief, Petitioner argues that his trial counsel was ineffective for failing to object to the ATF agent's expert opinion on the firearm's interstate commerce nexus.[39] The Court grants relief on this ground.

1. *Deficiency*

First, Petitioner has shown that his counsel was deficient.

While the Court deferentially scrutinizes counsel's performance,[40] trial counsel will be found deficient when their actions fall "outside the wide range of professionally competent

---

[35] Doc. 75 at 370:2-16, 379:10-11, 379:19-20, 407:20-23, 408:9-11.
[36] *See United States v. Humphrey*, 287 F.3d 422, 439 (6th Cir. 2002), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002) (finding that jury instructions proper when they listed and defined each element of crime that government was to prove beyond a reasonable doubt).
[37] Police found the ammunition inside the firearm after a search of Petitioner's home. Doc. 74 at 212:20-214:6.
[38] *See United States v. Cook*, 290 F. App'x 874, 884 (6th Cir. 2008) ("Because the ammunition and firearms charged in the single count were all discovered as part of the same transaction, the district court committed no error by not giving a specific unanimity instruction.").
[39] Doc. 97 at 2-4.
[40] *Strickland*, 466 U.S. at 689.

assistance."[41] The court must presume counsel rendered adequate assistance and that counsel's actions might be considered "sound trial strategy."[42] Nevertheless, the Court must still judge the reasonableness of counsel's actions on the facts of the Petitioner's case, viewed as of the time of counsel's conduct.[43]

Moreover, "[f]ailing to object to potentially inadmissible evidence, even if part of a defense plan, does not shield counsel from a claim of ineffective assistance based on 'strategy.'"[44]

Here, the ATF agent testified at trial that he mostly relied on ATF database information in concluding that the firearm was manufactured outside of Ohio.[45] But the ATF agent gave no clear testimony regarding what data or documents supported his interstate commerce nexus testimony. He testified that firearm manufacturers must submit documents to the ATF regarding manufacturing sites[46] but he gave no clear testimony that he had ever reviewed the documents submitted by CDM Products, Inc., a firearm manufacturing company that had gone out of business in 1977.[47]

The expert also did not produce those documents at trial.[48] Rather, the ATF agent vaguely testified that he based his expert opinion on a review of what the ATF database or ATF reports had told him about where the firearm was manufactured.[49]

Under Federal Rule of Evidence 703, it would have been permissible for the ATF agent to rely on inadmissible hearsay, such as the ATF database or ATF reports, as long as it was also

---

[41] *Id.* at 690.
[42] *Cullen v. Pinholster*, 563 U.S. 170, 191 (2011) (citing *Strickland*, 466 U.S. at 689).
[43] *Smith v. Lafler*, 175 F. App'x 1, 4 (6th Cir. 2006) (citing *Strickland*, 466 U.S. at 690).
[44] *Byrd v. Trombley*, 352 F. App'x 6, 10-12 & n.4 (6th Cir. 2009) (counsel's introduction of, and failure to object to, inadmissible evidence of petitioner's prior conviction constituted deficient and prejudicial performance).
[45] Doc. 74 at 256:5-10, 258:1-12, 261:8-262:18, 267:18-272:10.
[46] *Id.* at 268:9-24, 269:6-9.
[47] *See id.* at 268:19-24, 272:1-4.
[48] *Id.* at 270:15-271:21.
[49] *Id.* at 268:5-24, 270:15-23, 271:10-13.

shown that "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." The government failed to lay any foundation that this was the case.[50] As a result, the ATF agent's expert opinion would have been excluded on this basis.

Petitioner's counsel did not object on this specific ground, or even really object on the admissibility of the expert's opinion at all. During cross examination, Petitioner's counsel only elicited that the ATF agent's expert opinion was based on hearsay and therefore the government had not proven that the firearm possessed was manufactured outside of Ohio.[51]

Petitioner's counsel was certainly on notice that the firearm at issue was an older model, and therefore that the firearm's manufacturer might no longer in business. As a result, Petitioner's counsel was on notice that the government's expert might encounter evidentiary challenges in showing a proper foundation for his expert opinion on the firearm's interstate commerce nexus.

Therefore, Petitioner's counsel should have been better prepared to object to the expert testimony under a Rule 703 basis. The fact that he did not could hardly be "sound trial strategy," especially given Petitioner's counsel made no actual efforts to move to exclude the expert's testimony.[52] Petitioner's failure to object to the admissibility of the ATF agent's expert opinion on a Rule 703 basis is thus ineffective assistance.

### 2. *Prejudice*

Second, Petitioner shows that counsel's deficiency was prejudicial to his defense.

To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[53] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[54]

---

[50] *See id.* at 253:11-267:5.
[51] *Id.* at 267:8-273:5; Doc. 75 at 282:3-10, 285:4-13, 291:19-292:3.
[52] *See Byrd*, 352 F. App'x at 10-12.
[53] *Strickland*, 466 U.S. at 694.
[54] *Smith v. Mitchell*, 567 F.3d 246, 257 (6th Cir.2009) (quoting *Strickland*, 466 U.S. at 694).

Case No. 4:16-cr-46
Gwin, J.

The ATF agent's expert testimony was the only evidence that the firearm was manufactured outside of Ohio and therefore that the firearm possession satisfied the interstate commerce nexus prong. Had Petitioner's counsel properly objected to the ATF agent's opinion testimony and the opinion were excluded on a Rule 703 basis, there would not be evidence to support the verdict.

As explained, the interstate commerce nexus is a separate element of the crime. While the jury need not be unanimous on whether Petitioner possessed the firearm or ammunition, the jury does need to be unanimous that whatever they decide Petitioner possessed had been manufactured outside of Ohio. Because some jurors may have relied only on firearm possession (but not ammunition possession) in reaching their verdict, there is a reasonable probability that the lack of evidence for the firearm's interstate commerce nexus would have affected the outcome of the jury's verdict.

Therefore, Petitioner has demonstrated that both his counsel was deficient and that the deficiency was prejudicial to his defense. The Court **GRANTS** Petitioner's first ground for relief.

## C. Third Ground: Ineffective Assistance of Counsel for Failing to Move for Suppression

In his third ground for relief, Petitioner argues that his counsel was ineffective for failing to move to suppress evidence of the firearm and ammunition that police obtained. Coleman says the issued search warrant does not stop the search from being an unlawful search.[55] In particular, Petitioner argues that the search of his home was unlawful because there is evidence that the police entered his home and found the firearm and ammunition before they obtained a search warrant.[56]

The Court declines to grant relief on this basis.

---

[55] Doc. 97 at 7-11.
[56] *Id.*

Failure to file a motion to suppress is not *per se* ineffective assistance of counsel.[57] Whether counsel was ineffective for not timely filing a motion to suppress "depends upon the merits of the search and seizure question."[58]

To start, there is some evidence in the record of an unlawful entry. There is trial testimony that an officer on the scene was already inside the house before the other officer had obtained a warrant.[59] Petitioner also submits his wife's signed affidavit confirming this fact.[60]

Moreover, the government's argument that exigent circumstances permitted the warrantless search loses. The Court finds no exigent circumstances required the police to search the house to avoid destruction of evidence or to ensure the safety of bystanders.[61] At the time of the apparent unlawful search, Petitioner had already been detained;[62] Petitioner's wife was already standing with officers outside of the house;[63] and Petitioner's children had not yet come home.[64]

Nevertheless, Petitioner's arguments for suppression do not succeed.

This is because police ultimately found the firearm and ammunition from an independent source, thus defeating the need for suppression. Under the independent source doctrine, evidence that was "initially discovered during police officers' illegal entry of private premises" need not be

---

[57] *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).
[58] *United States v. Thomas*, 38 F. App'x 198, 201 (6th Cir. 2002) (quoting *Worthington v. United States*, 726 F.2d 1089, 1093-94 (6th Cir. 1984)).
[59] Doc. 74 at 228:22-229:7 (officer testimony that there was "one [officer] in the residence" before another officer had returned with a search warrant).
[60] Doc. 97-1 at ¶ 10 (declaring that before police obtained a warrant, "[o]ne of the officers, entered the house through the backdoor where Officer Weber was still stationed and moved beyond my view . . . .").
[61] *See United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001) (exigent circumstances where reasonable belief third parties are inside dwelling and third parties may be aware of police and destroy evidence) (citing *United States v. Sangineto–Miranda*, 859 F.2d 1501, 1512 (6th Cir. 1988)); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 998 (6th Cir. 1994) (only *immediate* threat to safety of police officers and innocent bystanders is grounds for exigent circumstances).
[62] Doc. 74 at 203:5-204:9.
[63] *Id.* at 204:15-205:5, 242:24-243:1.
[64] Doc. 89-3 at ¶ 6.

Case No. 4:16-cr-46
Gwin, J.

suppressed "if that evidence is also discovered during a later search pursuant to a valid warrant that is wholly independent of the initial illegal entry."[65]

That is exactly what happened here. Even if an unlawful search happened before officers obtained a warrant, the warrant that led to the discovery of the firearm and ammunition was not based on any information obtained from the previous unlawful search. The affidavit supporting the warrant petition contained no mention of any previous search of Petitioner's house.[66]

While Petitioner argues that this omission made the warrant affidavit false under *Franks v. Delaware*,[67] the Sixth Circuit has found no such *Franks* violations in a similar situation.[68] Petitioner does not argue that the warrant affidavit as it was written lacks probable cause, and the Court can find no basis to conclude as much.

Because Petitioner's arguments for suppression of the firearm and ammunition do not succeed, the Court concludes there is no basis for finding Petitioner's counsel ineffective for failing to move for suppression. The Court therefore **DENIES** Petitioner's third ground for relief.

### IV. CONCLUSION

For these reasons, the Court **GRANTS** Coleman's petition. The Court requires the Respondent to advise within sixty days whether the United States will retry Petitioner.

IT IS SO ORDERED

Dated: March 6, 2018                                     *s/         James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[65] *Murray v. United States*, 487 U.S. 533, 533 (1988); *see also United States v. Witherspoon*, 467 F. App'x 486, 491 (6th Cir. 2012) (independent source doctrine precluded suppression where police first entered outbuilding unlawfully and found marijuana, then obtained a warrant based on affidavit that excluded mention of unlawful search, and subsequently found the marijuana in the outbuilding).
[66] *See* Doc. 89-3.
[67] 438 U.S. 154, 166 (1978).
[68] *See Witherspoon*, 467 F. App'x at 491 (no *Franks* violation even though warrant affidavit did not mention first unlawful search).