UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------
                                        :
AIRIZ A. COLEMAN                        :          CASE NO. 4:17-cv-2228
                                        :                   4:16-cr-46
          Petitioner,                   :
                                        :
     vs.                                :          OPINION & ORDER
                                        :          [Resolving Doc. 102]
UNITED STATES OF AMERICA,               :
                                        :
          Respondent.                   :
                                        :
-------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The government moves the Court to reconsider its judgment granting Airiz Coleman's

petition for habeas relief.[1]   Alternatively, the government moves to alter the Court's

judgment.[2]  For the following reasons, the Court **DENIES** the government's motion.

## I. BACKGROUND

On February 10, 2016, a federal grand jury returned an indictment charging Coleman

with one count of being a felon in possession of a firearm and ammunition, in violation of

18 U.S.C. § 922(g)(1).[3]   On May 10, 2016, a jury found Coleman guilty.[4]   The Court

sentenced Coleman to 36 months of imprisonment on August 23, 2016.[5]

On September 13, 2017, the Sixth Circuit affirmed Coleman's conviction.[6]  Coleman

filed his § 2255 petition on October 23, 2017.[7]

---

[1] Doc. 102.  Petitioner opposes.  Doc. 103.
[2] *Id.*
[3] Doc. 1.
[4] Doc. 47.
[5] Doc. 60.
[6] Docs. 87, 88.
[7] Doc. 89.

On March 6, 2018, the Court granted Coleman's petition for habeas corpus relief. The Court found Coleman received ineffective assistance of counsel.[8] The Court found that Petitioner's counsel was ineffective for failing to object under Federal Rule of Evidence 703 to an ATF agent's expert trial testimony.[9] In that testimony, the agent gave the opinion that the firearm was manufactured outside of Ohio. The Court found that defense counsel's failure to object was both deficient and prejudicial to Coleman's defense.[10]

The government now moves for reconsideration, or alternatively for alteration of the Court's judgment.[11] Petitioner Coleman opposes.[12]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[13] A reconsideration motion, however, is not an opportunity to re-litigate previously decided matters or present the case under new theories.[14] Such a motion is extraordinary and rarely granted.[15]

## III. ANALYSIS

In its motion, the government seemingly argues that the Court's habeas decision was based on a clear error of law or leads to manifest injustice. The Court disagrees.

---

[8] Doc. 98.
[9] *Id.*
[10] *Id.* The Court denied Coleman's two other ineffective assistance claims. *Id.*
[11] Doc. 102.
[12] Doc. 103.
[13] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).
[14] *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).
[15] *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

## A. Coleman's Attack on the ATF Agent's Records

As an initial matter, the government argues that the Court improperly granted Coleman's habeas petition based on arguments that Coleman never made.[16]

The Court held that Coleman's counsel was ineffective for failing to object under Evidence Rule 703 grounds to the lack of foundation for an ATF agent's expert trial testimony.[17] In the habeas decision, this Court held that the ATF agent's expert testimony was inadmissible because it was based on hearsay documents that the government had failed to demonstrate were the type of records experts in the field regularly relied upon.[18] Because Coleman's counsel failed to object accordingly and such failure was prejudicial, the Court granted Coleman's ineffective assistance of counsel claim.[19]

The government argues that Coleman never challenged his counsel's ineffectiveness on this specific legal basis.[20] Instead, the government states that Coleman only argued that his counsel failed to object as to whether the probative value of the ATF agent's testimony based on hearsay outweighed its unduly prejudicial effect under Rule 703.[21]

The Court does not find the government's arguments persuasive.

As the government acknowledges, "[*pro se*] pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in [petitioner's]

---

[16] Doc. 102 at 4-5.
[17] Doc. 98 at 6-9.
[18] *Id.* at 7-8.
[19] *Id.* at 8-9.
[20] Doc. 102 at 5.
[21] *Id.*

favor."[22]  In particular, district courts liberally construe criminal defendants' *pro se* post-judgment filings "for efficiency's sake and out of a sense of fairness to *pro se* petitioners."[23]

Therefore, after liberally construing Coleman's petition and reply brief, the Court finds that Coleman sufficiently argued that his counsel failed to address the Court's concerns about the foundational basis of the expert's testimony under Rule 703.  In both his petition and reply brief, Coleman argued that his counsel had failed to address the Rule 703 evidentiary issues with the ATF agent's expert testimony in his colloquy with the Court.[24]  And given the fairness and efficiency concerns the Court must take into account when considering *pro se* petitions, the Court finds no reason to reconsider its previous grant of habeas relief just because Petitioner may not have stated the precise legal argument.

Moreover, it is not clear to the Court, as the government argues,[25] that Coleman ever admitted that the records the ATF agent relied upon are the type of records other agents in the field regularly rely upon.  Coleman, in fact, argued the very opposite.  In his petition and reply, Coleman clearly argued that the hearsay records the ATF agent relied upon in his case were not the same as records that ATF agents may generally rely upon in other cases.[26]

Therefore, the Court finds that it did not grant Coleman's petition based on an argument Coleman never made.

---

[22] *Humphreys v. United States*, 238 F. App'x 134, 138 (6th Cir. 2007) (citations and internal quotations omitted).
[23] *United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (emphasis added) (quoting *United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999)) (internal quotation marks omitted).
[24] Doc. 89-1 at 5-6; Doc. 97 at 2-3.
[25] *See* Doc. 102 at 4-5.
[26] Doc. 89-1 at 6; Doc. 97 at 3.

## B. Ineffective Assistance of Counsel Claim

The government next argues that defense counsel's performance was neither deficient nor prejudicial enough to constitute ineffective assistance of counsel.[27]  The Court disagrees.

Under *Strickland v. Washington*, to make a Sixth Amendment ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense.[28]

### 1. *Deficiency*

With respect to deficiency, the government first argues there was no basis for a defense objection since the government did lay a proper Rule 703 foundation for the basis of the ATF agent's expert testimony.[29]  However, the government then argues that even if the government did not sufficiently establish a foundation for the opinion testimony, the defense counsel's failure to object was not constitutionally deficient.[30]  The Court disagrees.

First, the Court still finds that the government failed to lay a proper Rule 703 foundation for the basis of the ATF agent's expert testimony.  The expert testimony therefore should have been excluded.

As the Court previously noted, Federal Rule of Evidence 703 would have permitted the ATF agent to rely on inadmissible hearsay, such as the ATF database or ATF reports, as long as the government could also show that "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject."

---

[27] Doc. 102 at 6-11.
[28] 466 U.S. 668, 687 (1984).
[29] Doc. 102 at 6-7.
[30] *Id.* at 7.

The government argues that this foundation was laid when the ATF agent explained what a firearms trace is, particularly that the ATF maintains records of firearms from their manufacture to their sale.[31]   The Court disagrees.

The ATF agent's explanation of what a firearms trace is does nothing towards explaining whether other ATF agents in the field regularly rely on such records to determine where a firearm was manufactured, especially here when the firearm manufacturer had been out of business for more than forty years.   The ATF agent's explanation only served to emphasize that he was relying on hearsay documents that he clearly did not review himself.[32]

The government also argues that the "CDM Products, Incorporated" and "New York, New York" stamps on the firearm were independent non-hearsay bases for the ATF agent's opinion that the firearm was manufactured outside of Ohio.[33]   The Court also disagrees.

The ATF agent's expert opinion was still needed to explain to the jury what the two stamps meant, specifically whether "CDM Products, Incorporated" was the manufacturer or distributor for instance and whether the "New York, New York" stamp indicated place of manufacture or something else.   And the basis of the ATF agent's expert opinion on that matter was ultimately gleaned from the hearsay documents from the firearms trace.[34]

 The Court will also note that this was an argument that the government could have raised (but failed to do so) in its initial opposition to Coleman's petition when it was defending the ATF agent's expert testimony.[35]   The government cannot now use this reconsideration motion to re-litigate the issues.

---

[31] Doc. 102 at 6.
[32] *See* Doc. 74 at 268:19-24, 272:1-4.
[33] Doc. 102 at 6.
[34] *See* Doc. 74 at 261:1-17.
[35] *See* Doc. 94 at 4-6.

Second, the Court is unpersuaded by the government's argument that defense counsel's failure to object was done in a "tactical manner."[36]

In determining whether counsel's performance was deficient, the Court judges the reasonableness of counsel's actions on the facts of the Petitioner's case, viewed as of the time of counsel's conduct.[37]  Therefore, while a failure to object might *generally* be considered "sound trial strategy,"[38] the Court can rule otherwise based on the particular facts of this case.

As the Court previously explained, defense counsel never really objected on Rule 703 grounds, or to the admissibility of the expert's opinion.[39]  However, Petitioner's counsel was on notice that there may be evidentiary issues important to showing that the older-model firearm at issue was manufactured outside of Ohio.  Therefore, counsel should have been better prepared to object accordingly.  Thus, in light of the particular circumstances of this case, counsel's failure to object could not be a "tactical" choice.

The Court thus still finds that counsel's failure to object on Rule 703 grounds was deficient.

### 2. *Prejudice*

The Court furthermore finds that Petitioner's failure to object on Rule 703 grounds was prejudicial to Petitioner's defense.

First, the government argues that counsel's performance was not prejudicial since the government would have cured the Rule 703 foundational issues even if defense counsel had properly objected.[40]

---

[36] *See* Doc. 102 at 7.
[37] *Smith v. Lafler,* 175 F. App'x 1, 4 (6th Cir. 2006) (citing *Strickland,* 466 U.S. at 690).
[38] *Cullen v. Pinholster,* 563 U.S. 170, 191 (2011) (citing *Strickland,* 466 U.S. at 689).
[39] Doc. 98 at 8.
[40] Doc. 102 at 9-10.

The Court does not find this position credible. The government had several opportunities to correct any Rule 703 issues and did not do so. First, there was a missed opportunity during the government's re-direct of its ATF agent after the defense counsel had challenged the records and documents that the ATF agent relied upon for his expert testimony.[41] There was another missed opportunity during the government's colloquy with the Court when the Court specifically voiced its concerns with the basis of the ATF agent's expert opinion.[42] The government's position now that it could have cured the foundational problems is an exercise in 20/20 hindsight.[43]

Second, the government argues that the Court filled in the alleged gap in counsel's performance by raising and addressing the Rule 703 issues, such that there was no prejudice to the defense.[44] However, when the Court did raise the Rule 703 issues, defense counsel still failed to object under Rule 703.[45] As a result, if anything, the Court's alleged gap filling further highlights defense counsel's deficient performance, which as explained next, did prejudice the defense.

As the Court previously explained, there is a reasonable probability that the jury's verdict would have been different had defense counsel properly objected under Rule 703.

To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[41] *See* Doc. 74 at 267:8-273:23.
[42] Doc. 75 at 282:25-291:16.
[43] Given the clear trial record, the Court also sees no reason for holding a hearing so that the government could show that it could have established the necessary foundation (*see* Doc. 102 at 10).
[44] *Id.* at 9.
[45] *See* Doc. 75 at 293:8-14 ("THE COURT: . . . I thought there was more foundational problems with the firearm than there was with the ammunition. Do you have any other argument? [DEFENSE COUNSEL]: No, your Honor.").

different."[46] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[47]

As explained, the ATF agent's testimony was the government's only evidence that the firearm was manufactured outside of Ohio, and thus satisfied the interstate commerce nexus element of the felon-in-possession crime that Petitioner was charged with.[48]

The government, however, argues that the testimony's exclusion would not have changed the jury's guilty verdict.[49] This is because, the government argues, there was no dispute that Petitioner possessed both the firearm and the ammunition since trial evidence showed the ammunition was located in the firearm when it was found in Petitioner's house.[50] As a result, even without the interstate commerce nexus testimony about the firearm, the jury could have convicted based on the undisputed evidence of Petitioner's ammunition possession and the ammunition's effect on interstate commerce.[51]

However, because the jury need not have been unanimous on what Petitioner possessed,[52] it is impossible to know whether the jury's guilty verdict was premised on possession of the firearm, ammunition, or both. But because the interstate commerce prong is a separate element of the felon-in-possession crime, the jury did have to unanimously find that whatever they decided Petitioner possessed had been manufactured outside of Ohio.[53]

As a result, there is still a reasonable probability that some of the jurors relied on the firearm possession (but not the ammunition possession) to reach their verdict, such that

---

[46] *Strickland*, 466 U.S. at 694.
[47] *Smith v. Mitchell*, 567 F.3d 246, 257 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694).
[48] Doc. 98 at 9.
[49] Doc. 102 at 10-11.
[50] *Id.*
[51] *Id.*
[52] *See United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004).
[53] *See Richardson v. United States,* 526 U.S. 813, 817 (1999).

exclusion of the evidence for the firearm's interstate commerce nexus undermines confidence in the jury's verdict.

Thus, the Court still finds that defense counsel's deficient performance was prejudicial. Accordingly, Petitioner has shown that his counsel was ineffective and is therefore entitled to habeas corpus relief.

## IV. CONCLUSION

For these reasons, the Court **DENIES** the government's motion.

IT IS SO ORDERED

Dated: April 18, 2018                                  s/      *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE